```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
FU YEUNG, et al.,
                         Plaintiffs,            **ORDER**
         - v -
                                                CV-02-3085 (DGT)(VVP)
THOMAS HUANG, et al.,

                         Defendants.
-----------------------------------------------------------------x
```

By letter dated May 19, 2006, the defendants seek an order striking the plaintiffs' amended complaint and unspecified Rule 11 sanctions because of the plaintiffs' failure to produce discovery. In their letter in response dated May 26, 2006, the plaintiffs do not deny that they have failed to provide discovery properly requested by the defendants, but raise various otherwise irrelevant facts and seek permission to move to further amend the complaint. By letter dated May 30, 2006 the defendants oppose the plaintiffs' motion to amend.

The defendants' motion concerning unproduced discovery was made less than two weeks before the discovery deadline, but is nevertheless timely under the court's scheduling order. *See* Scheduling Order, Sept. 23, 2005, ¶ 3(a). As the plaintiffs have offered no good reason for their failure to respond to any of the defendants' discovery requests, and as the time for responding has long since expired, sanctions are essentially mandated by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 37(a)(4)(A). The sanction of striking the complaint, however, is not among the sanctions available. *See id*. Rather, an award of attorneys' fees and expenses incurred in making the instant motion is to be awarded to the defendants, unless the plaintiffs can demonstrate "that other circumstances make an award of expenses unjust." *Id*. The plaintiffs will be given an opportunity to do so at the upcoming conference on July 7, 2006. At or before that conference, the defendants should submit to the court and opposing counsel appropriate proof of the attorneys' fees and expenses incurred in making the instant letter motion.

As for sanctions under Rule 11, that rule does not apply to failures to provide discovery. Moreover, no such motion can be made unless it has been fully briefed and submitted to the opposing party 21 days before it is filed with the court and is filed separately from any other

motion.  *See* Fed. R. Civ. P. 11(c)(1)(A).  Accordingly, the motion is utterly frivolous and must therefore be denied.

As to the unproduced discovery, the plaintiffs are hereby ordered to respond in writing to the defendants' First Request for the Production of Documents dated February 21, 2006 and First Set of Interrogatories dated April 14, 2006 within ten business days.  In addition, the plaintiffs shall produce for inspection and copying all documents responsive to the above requests within 20 days at the offices of the defendants' counsel.  ***No information or documents may be withheld from disclosure on the basis of any objection, all objections having been waived by the failure timely to respond to the above discovery requests.***  At the conference on July 7, 2006, the court will set dates for the depositions of the plaintiffs.  Counsel for the plaintiffs shall obtain at least three dates during July and August when each of the plaintiffs who are subjects of the defendants' notices of depositions will be made available in New York for their depositions, and all counsel shall bring their own calendars with them to the conference so that the dates can be set.

Finally, as to the plaintiffs' desire to amend the complaint, the defendants properly point out that (1) the deadline for doing so set forth in the Scheduling Order has long since expired and (2) in any event, any such motion must be preceded by a premotion conference with Judge Trager to whom the plaintiffs' request must be directed.  This magistrate judge therefore takes no action on the request.

SO ORDERED:
*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:        Brooklyn, New York
              June 26, 2006